IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DRISKELL,

   Plaintiff,

 vs.

MATOLON,

   Defendant.

No. 2:16-cv-1602-MCE-CMK-P

FINDINGS AND RECOMMENDATION

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges his personal and confidential medical records were placed on an unencrypted laptop. The laptop was then left unattended in a personal vehicle where it was stolen, causing a breach of data. Plaintiff alleges in the complaint that his confidential information, including medical and mental health records, as well as information relating to his visitors and custody, were the on the laptop, leaving them vulnerable to disclosure. Plaintiff has also provided the court a copy of the letter he received regarding the breach, and his attempts to exhaust his administrative remedies. The letter, which informed plaintiff of the potential breach, states that it is unknown if "any sensitive information was contained in the laptop" and that the laptop was password protected. Plaintiff asserts a violation of the Fourth Amendment as well as violations of his Due Process rights, and conspiracy.

## II. DISCUSSION

There are several defects in plaintiff's complaint. First, the only defendant plaintiff has named is Dr. Matolon, a Mental Health Supervisor at the California Medical. However, he fails to allege Dr. Matolon was personally involved in any of the actions set forth in his complaint. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). While this defect may be curable, others as noted below are not.

Next, plaintiff is required to establish standing for each claim he asserts. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). If a plaintiff has no standing, the court has no subject matter jurisdiction. See Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. See Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In this case, although plaintiff may have constitutional right to privacy of his medical information, whether or not his right to privacy was breached is unknown. See Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.") (citing Doe v. Attorney Gen. of the United States, 941 F.2d 780, 795 (9th Cir. 1991)).

Plaintiff alleges his Fourth Amendment rights to be secure in his confidential information and documents have been violated by an employee of the defendants' action in

leaving an unencrypted laptop unattended in a car, resulting in the theft of the laptop and the possible release of his personal information, placing him at risk of exposure. However, the disclosure of plaintiff's medical information, and therefore any injury, is entirely speculative. It is clear from plaintiff's complaint and the attachments plaintiff has submitted to the court, that it is unknown if his information was on the laptop, nor whether or not the laptop was breached as it was password protected.

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"). The speculative injury plaintiff alleges, where it is unknown whether plaintiff's information was on the potentially compromised laptop, is simply insufficient to provide plaintiff standing. Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information, and his claim for violation of his constitutional right to informational privacy must be dismissed without prejudice for lack of standing. See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

In addition, the undersigned finds the complaint fails to state a claim. The Fourth Amendment governs the reasonableness of government searches and seizures. Here, no government search or seizure is alleged. Similarly, the complaint fails to state a claim under the Due Process Clause, which protects prisoners from being deprived of property without due process of law. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The allegations in the complaint amount to no more than negligence. While plaintiff alleges the defendants "willfully allowed employees " to use laptops away from the institution, the actual alleged violation of due

4

process was the result of negligence in leaving the laptop unattended and unsecured. Negligence is insufficient to support a claim of denial of due process. See Davidson v. Cannon, 747 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").

Plaintiff also asserts a claim of accountability. The undersigned does not understand this claim. In support thereof, plaintiff states , "The Dr. was lacking accountability for my identity & ADA violation since I'm Aids patient & disabled L-knee hyperextension staff did violate policy on a reckless abandonment for losing laptop. Staff were not in compliance with policy by leaving a laptop unattended." (Compl., Doc. 1, at 6). It is possible that plaintiff is attempting to claim the Health Insurance Portability and Accountability Act of 1996 (HIPAA) rights have been violated. However, "HIPAA itself does not provide for a private right of action." Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")).

Finally, to the extent plaintiff alleges conspiracy under 42 U.S.C. § 1985, the complaint again fails to state a claim. "Conspiracy requires an agreement—and in particular an agreement to do an unlawful act—between or among two or more separate persons." Ziglar v. Abbasi, 137 S. Ct. 1843, 1867 (2017). Here, there are no such allegations in the complaint.

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. See id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant

must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. See Cato, 70 F.3d at 1005-06. As set forth above, given plaintiff's lack of standing, any amendment to his complaint would be futile, and no leave to amend should be granted.

### III. CONCLUSION

Plaintiff's complaint fails to show he has standing to bring this action as his injury is too speculative to support a claim. The complaint further fails to state a claim for violation of his Fourth or Fourteenth Amendment rights. Such defects are not subject to cure, and no leave to amend should be granted.

Based on the foregoing, the undersigned recommends that plaintiff's complaint be dismissed, without leave to amend, for failure to allege standing and failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 1, 2017

                                                 **CRAIG M. KELLISON**
                                                 UNITED STATES MAGISTRATE JUDGE